**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GUARDIAN PIAZZA D'ORO, LLC,
Plaintiff,

v.

OUDREE ELLIS-SANDERS, et al.,
Defendants.

Case No. 23-cv-2320-MMA-MSB

**ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IFP;**

[Doc. No. 2]

**GRANTING PLAINTIFF'S MOTION TO REMAND; AND**

[Doc. No. 6]

**DENYING AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL AND EX PARTE MOTIONS**

[Doc. Nos. 11, 15, 16]

On December 20, 2023, Defendant Oudree Ellis-Sanders[1] ("Defendant"), proceeding *pro se*, filed a Notice of Removal in this unlawful detainer action from the State of California, Superior Court for the County of San Diego, and simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). Doc. Nos. 1, 2. Six days later, Plaintiff Guardian Piazza D'Oro, LLC ("Plaintiff") filed a motion to remand. Doc. No. 6. Thereafter, Defendant filed a motion to appoint counsel, Doc. No. 11, but did not file a response in opposition to Plaintiff's motion, or obtain an extension of time to do so, by the deadline. Instead, Defendant filed two ex parte motions. Doc. Nos. 15, 16.

The Court finds these matters suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Defendant's IFP motion, **GRANTS** Plaintiff's motion to remand for lack of subject matter jurisdiction, and **DENIES** Defendant's motion to appoint counsel and ex parte motions as moot.

## MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991)

---

[1] On this record, co-Defendant Stormi Sanders has neither consented to nor joined in the removal of this action.

("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Here, Defendant submits under penalty of perjury that she receives $1,309.00 in monthly income from child support and other government assistance benefits. Doc. No. 2 ¶ 1. She has not been employed during the past two years. *Id.* ¶ 2. She has $0 in cash and $0 in her checking account. *Id.* ¶ 4. Her only asset is a vehicle worth $800.00. *Id.* ¶ 5. She has a nine-year-old daughter who is dependent on her. *Id.* ¶ 7. Her estimated monthly expenses total $1,308.00. *Id.* ¶ 8. And she does not expect any major changes to her income, expenses, assets, or liabilities in the coming twelve months. *Id.* ¶ 9.

Based on the foregoing, the Court concludes that paying court costs would result in Defendant being unable to afford the "necessities of life," *Escobedo*, 787 F.3d at 1234, and accordingly **GRANTS** Defendant's IFP motion.

## LEGAL STANDARD

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The Court is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. Pursuant to 28 U.S.C. § 1331, a state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9–10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*

## DISCUSSION

Defendant indicates in her removal papers that jurisdiction in this Court is based on federal question jurisdiction. *See* Doc. No. 1 at 4. Liberally construing the Notice of Removal, Plaintiff's state court complaint does not present a federal question of law that would provide this Court with jurisdiction over this matter under 28 U.S.C. § 1331. First, there is no federal question apparent in the state action complaint appended to the Notice of Removal, which appears to allege only a simple unlawful detainer cause of action

under California law.  *See Esa Mgmt., LLC v. Kaler*, No. 3:23-cv-01324-RBM-MMP, 2023 U.S. Dist. LEXIS 134648, at *4 (S.D. Cal. Aug. 2, 2023) (collecting cases); *see also Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant's contention that federal question jurisdiction exists because her anticipated defenses and/or counterclaims may raise issues of federal law.  Neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense.") (emphasis in original). Accordingly, to the extent Defendant's anticipated defenses and counterclaims may be based on alleged violations of federal law, those defenses and counterclaims cannot provide a basis for federal question jurisdiction.

As noted above, Defendant did not file an opposition to Plaintiff's motion to remand, or obtain an extension of time to do so, by the January 16, 2024 deadline. Instead, on the deadline to oppose she filed two ex parte motions seeking: (1) a 45-day extension to oppose the motion to remand; and (2) to continue the hearing.  The Court already vacated the motion to remand hearing.  *See* Doc. No. 13 at 2.  Further, her motions do not comply with either the Civil Local Rules or the undersigned's Civil Chambers Rules.  *See* CivLR 83.3.g; *see also* Civ. Chambers R. VIII.  In any event,

because the Court has the authority to sua sponte remand, and because it is plain based upon both Defendant's Notice of Removal and Plaintiff's state court complaint that subject matter jurisdiction is lacking, the Court **DENIES** these motions as moot.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's IFP motion. *See* Doc. No. 2. The Court finds that Defendant has not adequately established a basis for this Court's subject matter jurisdiction, and therefore **GRANTS** Plaintiff's motion, *see* Doc. No. 6, and **REMANDS** this action back to state court. *See* 28 U.S.C. § 1447(c). Because it is plain on the face of the complaint that the Court lacks subject matter jurisdiction, the Court **DENIES AS MOOT** Defendant's motion to appoint counsel and ex parte motions. *See* Doc. Nos. 11, 15, 16. The Clerk of Court is instructed to return the action to state court forthwith and close this case.

**IT IS SO ORDERED**.

Dated: January 18, 2024

HON. MICHAEL M. ANELLO
United States District Judge